IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JANET ABRAHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:11CV182–HEH |
| | ) |
| CRACKER BARREL OLD COUNTRY | ) |
| STORE, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## <u>MEMORANDUM OPINION</u>
(Denying Plaintiff's Motion to Remand)

This slip-and-fall action for damages is presently before the Court on Plaintiff's Motion to Remand. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. For the reasons stated below, the motion will be denied.

I.

Plaintiff Janet Abraham ("Plaintiff") filed this action in the Circuit Court for the City of Richmond ("Circuit Court") on February 18, 2011. Plaintiff alleges that on or about March 3, 2009, she slipped and fell on ice and snow in the parking lot of the Cracker Barrel restaurant in Mechanicsville, Virginia. She seeks $750,000 in damages jointly and severally from Cracker Barrel Old Country Store, Inc. ("Cracker Barrel, Inc.") and CBOCS, Inc. ("CBOCS"), the alleged owners and operators of the Cracker Barrel

restaurant; John Doe #1 ("John Doe"), an alleged manager for Cracker Barrel, Inc. and CBOCS, Inc.; Curtis Johnson ("Johnson"), a maintenance employee for Cracker Barrel, Inc. and CBOCS; and XYZ Corporation, an unknown corporation "employed and/or contracted by" Cracker Barrel, Inc. and CBOCS "to remove snow and ice from the parking lot." (Pl.'s Compl. ¶ 6.)

On March 14, 2011, CBOCS filed a motion to dismiss for improper venue, requesting that the action be dismissed or transferred to the Hanover County Circuit Court. That same day, CBOCS filed an Objection to Venue, Answer and Grounds of Defense to Plaintiff's Complaint.

On March 23, 2011, CBOCS removed the action to this Court. In its Notice of Removal,[1] CBOCS acknowledged that it had answered the complaint prior to service, and that service had not yet been effected as to any other defendants. CBOCS added, however, that Cracker Barrel, Inc.—a Tennessee holding corporation with no relation to Plaintiff's claims—consented to removal. (Notice of Removal ¶ 4.)

As for the other defendants, CBOCS asserted that Johnson, XYZ Corporation, and John Doe had been fraudulently joined. CBOCS contends that, absent the fraudulently joined defendants, the Plaintiff and Defendants are completely diverse, and this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

On April 14, 2011, Plaintiff filed the instant Motion to Remand. First, Plaintiff asserts that removal was premature because none of the defendants have been served. Second, Plaintiff contends that removal was improper because CBOCS failed to certify

---

[1] CBOCS incorrectly styled its Notice of Removal as a "Petition of Removal."

that Johnson consented to removal. Third, Plaintiff contends that complete diversity is lacking because Johnson and Plaintiff are Virginia residents. Finally, Plaintiff asserts that CBOCS waived its right of removal by filing "dispositive motions" in the Circuit Court prior to removal. CBOCS has responded, and Plaintiff's time to reply has expired. The matter is ripe for decision.

## II.

The party seeking removal bears the initial burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 37 (1921)). Because federal courts are of limited—not general—jurisdiction, there is no presumption favoring the existence of federal subject matter jurisdiction. *Pinkley Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S 375, 377, 114 S. Ct. 1673, 1675 (1994) ("Federal courts are courts of limited jurisdiction."). Indeed, because removal of a case from state court implicates "significant federalism concerns," removal jurisdiction must be strictly construed. *Mulcahey*, 29 F.3d at 151 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). "If federal jurisdiction is doubtful, a remand is necessary." *Id.*

Despite these limitations, a defendant may remove a civil action initially filed in state court to a federal district court if "the action could have originally been brought in federal court." *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 754 (4th Cir. 1996); 28 U.S.C. § 1441(a). This requires that the federal district court possess subject matter jurisdiction

over the action. *See Mulcahey*, 29 F.3d at 151. In this case, CBOCS asserts that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

A federal district court has diversity jurisdiction over "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . [c]itizens of different States." 28 U.S.C. § 1332(a)(1). Federal courts have interpreted Section 1332 to require "complete diversity" of citizenship. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187, 110 S. Ct. 1015, 1017 (1990) (citing *Strawbridge v. Curtiss*, 7 U.S. 267, 3 Cranch 267 (1806)). Thus, in order to satisfy the Section 1332's requirement of complete diversity, the "citizenship of each plaintiff [must be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S. Ct. 467, 472 (1996).

One exception to Section 1332's complete diversity requirement, however, is the so-called fraudulent joinder doctrine. "This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). Notably, however, "[t]he burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232–33 (4th Cir. 1993) (citing *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)); *see also AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990) (noting that joinder is fraudulent if there is "no colorable ground" for seeking judgment against a nondiverse defendant).

4

III.

Plaintiff contends that removal of this action was improper for several reasons—namely, that (1) removal was premature; (2) CBOCS failed to certify that Johnson consented to removal; (3) Johnson is not diverse to Plaintiff; and (4) CBOCS waived its right of removal by filing "dispositive motions" in the state court. The Court addresses each of these arguments in turn.

*A.*

The federal removal statute provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b).

Plaintiff contends that CBOCS's Notice of Removal was improper because "[t]he proper time in which to attempt removal . . . is within 30 days of service of process and not at any time before service of process." (Pl.'s Mot. Remand ¶ 2.) In support of this position, Plaintiff cites *Murphy Brothers, Inc. v. Michetto Pipe Stringing, Inc.*, in which the Supreme Court held "that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, *but not by mere receipt of the complaint unattended by any formal service.*" 526 U.S. 344, 347–48, 119 S. Ct. 1322, 1325 (1999) (emphasis added).

While on its face *Murphy* may appear to support Plaintiff's position, the context in which *Murphy* was decided is critical. The issue in *Murphy* was whether Section

5

1446(b)'s thirty-day period for removal was triggered by the "defendant's receipt, before service of official process, of a 'courtesy copy' of the filed complaint faxed by counsel for the plaintiff." *Id.* at 347, 119 S. Ct. at 1325. The Court recognized that Congress added the "or otherwise" language to Section 1446(b) in order to protect defendants' right of removal in states where an action is commenced by mere "service of a summons, without any requirement that the complaint be served or even filed contemporaneously." *Id.* at 349, 119 S. Ct. at 1326. The Court based its decision on the "bedrock principle" that "[a]n individual or entity named as a defendant is not *obliged* to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Id.* (emphasis added).

Nothing in Section 1446(b) or *Murphy*, however, suggests that a defendant who *voluntarily* appears prior to service should be precluded from removing the action until after he is served. *Cf. Potter v. McCauley*, 186 F. Supp. 146, 149 (7th Cir. 1960) ("[T]he evident purpose of the 1949 amendment was not to decrease but, in many situations, to enlarge the period of time within which the defendant was permitted to remove the case from the state to the federal court."); *see also Barbour v. Int'l Union*, No. 08-1740 2011 U.S. App. LEXIS 1695, at *13 (4th Cir. Jan. 27, 2011) (quoting *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 163 (4th Cir. 1997)) ("The thirty-day window for removal is designed to prevent 'undue delay in removal and the concomitant waste of state judicial resources.'").

As the Fifth Circuit recognized in *Delgado v. Shell Oil Co.*, "service of process is not an absolute prerequisite to removal." 231 F.3d 165, 177 (5th Cir. 2000). Several

6

district courts have similarly adopted this view. *See, e.g., Watanabe v. Lankford*, 684 F. Supp. 2d 1210, 1214–15 (D. Haw. 2009); *Soliman v. L-3 Communs. Corp.*, No. C 08-04838 WHA, 2008 U.S. Dist. LEXIS 105521, at *4–10 (N.D. Cal. Dec. 24, 2008); *Armendariz v. E. Laredo Home Place, Ltd.*, No. L-08-942008 U.S. Dist. LEXIS 78834, at *1–2 (Sept. 29, 2008) ("[W]hile a defendant is not required to remove a case until formally served, a defendant is not prohibited from removing sooner. A defendant can always voluntarily submit to the jurisdiction of a court without being formally served."); *Bell v. Am. Gen. Fin., Inc.*, 267 F. Supp. 2d 582, 583 (S.D. Miss. 2003).

Moreover, requiring service prior to removal in this case would defy common sense, as Virginia state courts explicitly permit a defendant to appear voluntarily and obviate the need for service altogether. *See* Va. Sup. Ct. R. 3.5 ("Upon the commencement of a civil action defendants may appear voluntarily and file responsive pleadings and may appear voluntarily and waive process. . . . With respect to defendants who do not appear voluntarily or file responsive pleadings or waive service of process, the clerk shall issue summonses . . ."). It cannot be the case that a defendant for whom service is never required must await service in order to remove the action to federal court.

For these reasons, the Court finds that CBOCS's removal prior to service complied with Section 1446(b), and no remand is warranted on this ground.

## B.

Having found that CBOCS's Notice of Removal was timely filed, the Court now turns to the issue of consent. Plaintiff asserts that "this case has been improperly

removed" because CBOCS "has not certified consent of ... Johnson." (Pl.'s Mot. Remand ¶ 3.)

Notably, however, CBOCS has asserted that Johnson was fraudulently joined and should be dismissed from the action. Specifically, CBOCS stated in its Notice of Removal that Johnson is a maintenance employee of Cracker Barrel, as Plaintiff alleged, and he is not an owner or occupier of Cracker Barrel. (Notice of Removal ¶¶ 10–11.) By sworn affidavit, Johnson has confirmed that he is a night maintenance employee responsible for cleaning the interior of the Cracker Barrel restaurant. (Johnson Aff. ¶¶ 2–3.) Johnson further certified that he is not responsible for management, maintenance, or safety of the parking lot, nor does his job involve inspecting, removing, or otherwise taking action with respect to ice or snow. (*Id.* at ¶¶ 4–5, 9.) Johnson stated that he was not aware of any snow or ice where Plaintiff fell, and he did not take any action with respect to snow or ice on March 3, 2009. (*Id.* at ¶ 10.) Plaintiff has not contested any of these facts.

On these undisputed facts, Plaintiff has no colorable claim against Johnson. "Virginia law clearly dictates that an employee of a business owner or operator can only be liable for affirmative acts of negligence, and not for their omissions or failure to act." *Harris v. Webster*, No. 3:08CV397, 2008 U.S. Dist. LEXIS 72271, at * 9 (E.D. Va. 2008) (citing *Beaudoin v. Sites*, 886 F. Supp. 1300, 1303 (E.D. Va. 1995)). In this case, Plaintiff has alleged that the Defendants "failed to timely inspect and remove the ice from the parking lot and in the alternative failed to provide adequate warning of said hazard."

(Pl.'s Compl. ¶ 10.) In other words, Plaintiff's claim for negligence is premised upon a failure to act, for which an employee such as Johnson cannot be held liable.

The sole allegation in Plaintiff's Complaint that even arguably implicates an affirmative act of negligence is Plaintiff's assertion that "[i]n causing and/or permitting the surface of the parking lot to remain in a hazardous condition while being open to the public and availing themselves of the profit derived therefrom . . . ." (*Id.* at ¶ 12(a).) This allegation in no way implicates Johnson, the night maintenance worker. Johnson had no common law duty to remove the snow and ice, or to warn Plaintiff of any snow and ice that he may have seen. Indeed, Johnson's duties parallel those of Plaintiff herself, who was also employed by Cracker Barrel. (*See* Aff. Curtis Johnson ¶ 6.) Moreover, Plaintiff has alleged that Cracker Barrel, Inc. and CBOCS "employed and/or contracted" XYZ Corporation "to remove snow and ice from the parking lot." (*Id.* ¶ 6.) In short, Johnson had no duty to act, and he cannot be held liable for nonfeasance. There is no possibility that Plaintiff could establish a claim against Johnson.

Because this Court finds that Johnson was fraudulently joined, he will be dismissed from the action. Accordingly, CBOCS's failure to certify that Johnson consented to removal does not warrant remand.[2]

---

[2] The Court further notes that, although CBOCS did not explicitly certify Johnson's consent to removal, Johnson provided a sworn affidavit in support of CBOCS's Notice of Removal. The caption atop the Affidavit reads "In the United States District Court for the Eastern District of Virginia . . . Notice of Removal . . ." (*See* Johnson Aff. 1.) The face of the Affidavit itself dispels any concern that removal occurred without Johnson's consent.

## C.

Plaintiff next contends that removal is improper because Johnson is not diverse to Plaintiff. As explained above, however, this Court finds that Johnson was fraudulently joined. Accordingly, Johnson's citizenship can be ignored for the purposes of determining diversity. *Mayes*, 198 F.3d at 461. The citizenship of John Doe and XYZ Corporation can likewise be ignored, because "the citizenship of defendants sued under fictitious names shall be disregarded" for the purposes of removal. 28 U.S.C § 1441(a).

Absent Johnson, John Doe, and XYZ Corporation, the Court need only consider the citizenship of Plaintiff, CBOCS, and Cracker Barrel, Inc. Because Plaintiff is a citizen of Virginia, and CBOCS and Cracker Barrel, Inc. are Tennessee Corporations with their principal places of business in Lebanon, Tennessee, this Court finds that complete diversity exists between the parties, and jurisdiction is proper under 28 U.S.C. § 1332(a).

## D.

Finally, the Court addresses whether CBOCS waived its right of removal by filing its Motion to Dismiss for Improper Venue and/or its Objection to Venue, Answer and Grounds of Defense, and Prayer for Jury Trial.

"A defendant may waive the right to remove by taking some . . . substantial defensive action in the state court *before* petitioning for removal." *Aqualon v. MAC Equip., Inc.*, 149 F.3d 262 (4th Cir. 1998) (emphasis in original). "[A]lthough a defendant may . . . waive its 30-day right to removal by demonstrating a 'clear and unequivocal' intent to remain in state court, such a waiver should only be found in

10

'extreme situations.'" *Grubb v. Donegal Mut. Ins. Co.*, 935 F.2d 57, 59 (4th Cir. 1991) (quoting *Rothner v. City of Chi.*, 879 F.2d 1402, 1416 (7th Cir. 1989)). Whether a defendant has demonstrated a clear and unequivocal intent to remain in state court is a question of fact, reviewable only for clear error. *Id.*

In this case, Plaintiff asserts that CBOCS waived its right of removal by filing "dispositive motions" in the state court. (Pl.'s Mot. Remand ¶ 5.) The lone authority cited by Plaintiff on this point is *Aqualon v. MAC Equipment, Inc.*, 149 F.3d 262 (4th Cir. 1998). In *Aqualon*, the Fourth Circuit upheld the district court's finding that the defendant had not waived its right of removal by filing a third-party motion for judgment one hour after filing its notice of removal. *Id.* at 264–65.

While this case is certainly distinguishable—CBOCS filed its Notice of Removal eight days *after* filing its Motion to Dismiss for Improper Venue and Objection to Venue, Answer and Grounds of Defense, and Prayer for Jury Trial—CBOCS has not indicated a clear and unequivocal intent to remain in state court.

First, a critical distinction exists "between defensive actions in state court which do not result in a waiver, and those seeking a final determination on the ultimate merits of the controversy." *Wolfe v. Wal-Mart Corp.*, 133 F. Supp. 2d 889, 893 (N.D. W. Va. 2001). "The basic inquiry involves the nature of the action taken in state court before the removal petition is filed." *Id.* (quoting *Heafitz v. Interfirst Bank of Dallas*, 711 F. Supp. 92 (S.D.N.Y. 1989)).

In this case, CBOCS filed an Objection to Venue, Answer and Grounds of Defense. Because Section 8.01-264(a) of the Code of Virginia requires that objections to

11

venue be made by motion, CBOCS also objected to venue in the form of a Motion to Dismiss for Improper Venue. (Def.'s Mem. Opp'n 6 n.2 (citing Va. Code Ann. § 8.01-264(a)).) This was not a motion "seeking a final determination on the ultimate merits of the controversy." *Wolfe*, 133 F. Supp. 2d at 893. Rather, this was a protective measure taken to preserve the issue in the event that this Court remanded the case to state court.[3] (Def.'s Mem. Opp'n 6.)

Indeed, CBOCS filed its Notice of Removal before Plaintiff responded to or the Circuit Court ruled upon CBOCS's objection to venue. This fact is critical, as "[c]ourts have long recognized that the guiding rationale behind the doctrine of waiver is concern for preventing a removing defendant from 'test[ing] the waters in state court and, finding the temperature not to its liking, beat[ing] a swift retreat to federal court.'" *Small v. Ramsey*, No. 1:10CV121, 2010 U.S. Dist. LEXIS 116179, at *14 (N.D. W. Va. Nov. 1, 2010) (quoting *Estate of Krasnow v. Texaco, Inc.*, 773 F. Supp. 806, 809 (E.D. Va. 1991), and citing *Alley v. Nott*, 111 U.S. 472, 476, 4 S. Ct. 495 (1884)). This is simply not a case in which CBOCS sought to test the merits in state court and remove the action if dissatisfied with the outcome.

In addition, CBOCS has articulated good reason for filing its notice of removal when it did. Central to CBOCS's notice of removal was its claim of fraudulent joinder. Because CBOCS bore the heavy burden of establishing fraudulent joinder, it makes sense that CBOCS would delay filing its notice of removal until after it could obtain Johnson's

---

[3] Notably, the forum in which the action was filed (Richmond City) and the proposed transferee forum (Hanover County) both sit within this division of United States District Court for the Eastern District of Virginia.

12

sworn affidavit. (*See* Def.'s Mem. Opp'n 7 (noting that CBOCS "abstained from filing the removal alleging fraudulent joinder until was able to obtain the Affidavit of Curtis Johnson").) Johnson's affidavit was notarized on March 22, 2011, and CBOCS filed its Notice of Removal the following day.

In sum, the record does not evince a clear and unequivocal intent on the part of CBOCS to remain in the Circuit Court. This Court will not fault CBOCS for taking appropriate protective measures prior to removal. Accordingly, this Court finds that CBOCS did not waive its right of removal by objecting to venue and filing an answer in the state court.

### IV.

For the reasons stated above, Plaintiff's Motion to Remand will be denied.

An appropriate Order will accompany this Memorandum Opinion.

                          /s/
                    Henry E. Hudson
                    United States District Judge

Date: May 9, 2011
Richmond, VA